

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

April 5, 2024

**BY ECF**

The Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> The Court expects the parties to be able to work out these issues between themselves. It is not clear from the summary below that Plaintiff's counsel completed the meet and confer process before coming to the Court. Similarly, it is not clear that the Defendants promptly responded to Plaintiff to avoid a court issue. Both sides should aim for better. Defendants should provide any response to Plaintiff's motion no later than April 10, 2024 at 5PM. Defendants' response should not exceed three pages.
>
> SO ORDERED.
>
> *[signature]*
>
> Arun Subramanian, U.S.D.J.
> Date: April 9, 2024

Re: Sultan v. Plume, Inc. et ano.; No. 23-cv-8830-AS

Dear Judge Subramanian:

    I represent Plaintiff Ammar Sultan and write to request a conference with the Court seeking an order compelling Defendants to produce documents and information responsive to interrogatories. Before seeking the Court's intervention, I conferred with defense counsel telephonically for approximately one hour at 3:15 pm on April 3, 2024, as required by Your Honor's Individual Practice 5(B) in a good faith effort to resolve this dispute. The other participant of that conference was David Grech, Lead Trial Counsel for Defendants. I have informed defense counsel that, due to the impasses reached, Plaintiff would be requesting a conference with the Court.

    On January 12, 2024, Plaintiff served document requests and interrogatories. (Exhibit 1). Defendants were required to respond within 30 days, by February 11, 2024. Fed. R. Civ. P. 34(b)(2)(A). Defendants served responses (Exhibit 2) on March 11, 2024, thereby waiving any objections that they may have otherwise raised with timely responses. *See David v. Weinstein Company LLC*, No. 18-CV-5414, 2020 WL 4042773, at *8 (S.D.N.Y. July 17, 2020) ("[C]ourts in this Circuit have concluded that a party's failure to timely respond and/or object to discovery requests is sufficient, without more, to find that the party has waived his or her discovery objections.").

    Defendants nevertheless interposed 18 general objections in response to each request for the production of documents and interrogatory. *See* Exhibit 2 at 1-4, 20-23, 36-39. Every general objection is boilerplate, and no specific objections were raised. *Id.* General objections of this variety are prohibited under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state *with specificity* the grounds for objecting to the request, including the reasons.") (emphasis added); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated *with specificity*.") (emphasis added); *see also Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118, 2022 WL 889143, at *5 (S.D.N.Y. Mar. 24, 2022) ("[I]ncorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection."). Because the general objections

are purely boilerplate, they should be stricken. *See, e.g.*, *CBF Industria De Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581, at *28 (S.D.N.Y. July 15, 2019) (granting motion to strike because "general objections are inappropriate and unpersuasive").

Were the Court to decline striking the objections outright, it should nevertheless compel responses to the following document requests and interrogatories, which Defendants have refused to provide responsive documents or information for on the basis of their general, boilerplate objections:[1]

**Request for the Production of Documents #5: All communications between Defendants and any third party concerning Plaintiff.** During the meet and confer process, Plaintiff agreed to narrow this request to "All communications between Defendants and any third party concerning Plaintiff that relate to any claim or defense in this action." Defendants have not, however, responded as to whether they will agree to produce responsive documents.

**Request for the Production of Documents #12: All documents and communications concerning any allegations of retaliation or disability discrimination, made by an employee of Defendant other than Plaintiff within the past five years.** During the meet and confer process, Plaintiff agreed to narrow this request to any allegations of retaliation or disability discrimination made against the specific individuals involved in this action: Matthew Wetschler, Franny Oxford, Shahnawaz Jaffar, or Jericca Kirkley. Defendants have not, however, responded as to whether they will agree to produce responsive documents.

**Request for the Production of Documents #16: All documents and communications concerning the termination of any employee of Defendant's other than Plaintiff, while that employee was either out of work on a medical leave or had returned from medical leave less than six months prior, within the past five years.** During the meet and confer process, Plaintiff agreed to narrow this request to only include those terminations occurring less than three months after an employee's return from leave. Defendants have not, however, responded as to whether they will agree to produce responsive documents.

**Request for the Production of Documents #23: All documents and communications concerning the financial impact, or anticipated financial impact, of the Ryan Haight Act on Plume between October 1, 2022 and August 16, 2023.** During the meet and confer process, Plaintiff agreed to narrow this request to "All documents and communications created between October 1, 2022 and August 16, 2023 concerning a summary of the financial impact, or anticipated financial impact, of the Ryan Haight Act on Plume." Defendants have not, however, responded as to whether they will agree to produce responsive documents.

**Interrogatory #9: Identify, with respect to the searches for electronically stored information undertaken in response to Plaintiff's first set of interrogatories and first request for the production of documents, which initial searches were conducted, how many**

---

[1] In response to other requests, Defendants only agreed to produce documents and information "[s]ubject to and without waiving any objections …" but confirmed during the meet and confer process that no documents or information was being withheld on the basis of those objections.

hits were obtained with respect to those searches and, if any search was refined, how it was refined and how many hits were obtained through each refined search.

**Interrogatory #10:** Identify any and all individuals from whom Defendant, or any of its representatives or agents, has obtained a written or otherwise recorded statement concerning the events described in the Complaint.

**Interrogatory #13:** Identify any and all individuals who decided that Plaintiff's employment with Defendant would be terminated.

Defendants object to providing information responsive to the above interrogatories on the basis of Local Civil Rule 33.3. That Rule permits, however, interrogatories "seeking names of witnesses with knowledge of information relevant to the subject matter of the action … and the existence, custodian, location and general description of relevant documents." As interrogatories #10 and #13 seek the names of potential witnesses, they are permissible under the rule. *See, e.g.*, *Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022) (compelling responses to interrogatories seeking identity of persons plaintiff spoke with regarding allegations and complained to during employment as permissible under Rule 33.3).

Interrogatory #9, seeking information regarding Defendants' ESI searches, is also permissible under the Rule because it pertains to "the existence, custodian, location and general description of relevant documents." Defendants' objection to producing ESI-related information is in any event unfounded. *See Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 646 n.5 (S.D.N.Y. 2019) ("A producing party generally has an obligation to … provide the requesting party with the names of custodians whose ESI was searched, date ranges for the searches, and any search terms applied."); *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684, 2019 WL 1517552, at *6-7 (S.D.N.Y. Apr. 8, 2019) ("Rule 34 imposes the responsibility on a responding party to state … the parameters of the search to be made (i.e., custodians, sources, date ranges and search terms, or search methodology."). The need for this information is pressing in this case, where there is reason to question whether fulsome searches have been conducted. For example, Defendants agreed to produce all documents concerning plaintiff's termination (see Exhibit 2 at ¶ 6) but have not produced a single responsive document, including the termination notice required under New York Labor Law § 195(6). Defendants instead referred Plaintiff to over one hundred unrelated documents. *Id.*

For these reasons, Plaintiff requests a conference with the Court to address his request for an order (i) striking Defendants' general objections, (ii) compelling responsive documents and information to Request for the Production of Documents #5, 12, 16, and 23, and Interrogatories #9, 10, and 13, (iii) any further relief that the Court deems appropriate.

                                        Respectfully submitted,

                                        */s/ Alex Rissmiller*
                                        Alex Rissmiller

cc:     Counsel of record (via ECF)